```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
          Plaintiff,           :
                               :
     v.                        :    NO. 3:05CR292(EBB)
                               :
TERRENCE STEELE aka "T-Fur"    :
          Defendant.           :
```

**RULING ON DEFENDANT'S MOTION FOR NEW TRIAL
AND MOTION FOR DECLARATION OF MISTRIAL**

On December 8, 2006, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, Defendant Terrence Steele ("Steele") orally moved for judgment of acquittal on Count One of the Superseding Indictment ("Indictment") at the close of the Government's evidence at trial. Defendant also moved for a declaration of mistrial as to Count One. After a hearing, the Court denied the motion for acquittal and reserved decision on the oral motion for declaration of mistrial. On December 11, 2006, the jury found Steele guilty as to Counts One and Three of the Superseding Indictment. On December 13, 2006, Steele filed a motion for new trial, pursuant to Fed. R. Crim. P. 33 [Doc. No. 123]. For the reasons stated below, Defendant's Motion for New Trial [Doc. No. 123] as to Counts One and Three and Defendant's oral Motion for Declaration of Mistrial [Doc. No. 113] as to Count One are DENIED.

I. <u>BACKGROUND</u>

    A.  The Indictment

The Superseding Indictment charged Defendant with conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base and with knowingly possessing with intent to distribute the same.  Specifically Count One charged that in or about March 2005 the Defendant along with others did knowingly and intentionally conspire to possess with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

Count Three charged that Defendant did knowingly, intentionally and unlawfully possess with the intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

B.  The Evidence Adduced at Trial[1]

At trial, the Government introduced, *inter alia*, tape-recorded statements of co-conspirator Christopher Goins ("Goins") made during a telephone call with cooperating witness Shonta Cole and during a controlled purchase of cocaine base by Cole.  In the recordings, Cole complained to Goins that he had bought cocaine base from Defendant a few days earlier and the "water wasn't right" so the ounce he bought was off by three grams.  Cole stated that he needed to talk to someone about it, either Goins or Steele.  Goins agreed to meet Cole so that he could talk to him about it and later stated that he supplied Defendant with the cocaine base that Steele sold to Cole a few days earlier.  Goins also told Cole that he would compensate him for the three-gram shortfall and assured him that they would have a continuing business relationship.

C.  The Jury's Verdict

After deliberation, the jury unanimously found the Defendant guilty beyond a reasonable doubt on Counts One and Three of the Superseding Indictment charging him with conspiracy to possess with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and

---

[1] Steele's motions focus only upon Confrontation Clause issues, hence, this summary of the evidence, based upon the Court's trial notes, the transcripts of the tape recordings used as a visual aide at trial and the summaries of the Government and Defense counsel, focuses only on the tape-recorded statements of Goins introduced at trial.

possession with the intent to distribute and distributing 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## II. STANDARD OF REVIEW

Upon a defendant's motion, a court may vacate a judgment and grant a new trial "if the interest of justice so requires" pursuant to Rule 33 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 33(a). A district court has broad discretion to "set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992). The Second Circuit has set forth the following standard for Rule 33 motions:

> The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. The trial court must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict. The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation. There must be a real concern that an innocent person may have been convicted.

United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (internal citations and quotation marks omitted). The trial court should use its Rule 33 authority "sparingly" and only in "the most extraordinary circumstances." Sanchez, 969 F.2d at 1414.

III. DISCUSSION

In support of his motion for new trial, Defendant argues that the recorded statements of co-conspirator Goins were introduced in violation of the Confrontation Clause because Defendant had no opportunity to cross-examine Goins and because <u>Bruton v. United States</u>, 391 U.S. 123 (1968), prohibits the introduction of untested co-conspirator testimony.  This is the same argument Defendant advanced in his oral motion for mistrial.

The Sixth Amendment to the United States Constitution provides, in relevant part, that the accused in all criminal prosecutions "shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  In <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), the Supreme Court barred the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the Defendant had a prior opportunity for cross-examination."  <u>Davis v. Washington</u>, 126 S.Ct. 2266, 2273 (2006) (citing <u>Crawford</u>, 541 U.S. at 53-54).

As Defendant correctly notes, in <u>Crawford</u>, the Court emphasized that the right to confront one's accusers is a "'bedrock procedural guarantee' dating back to Roman civil and English common law."  Defendant's Brief at 2.  However, it is untenable for Defendant to argue in the case at bar that, "where 'live testimony' is available, it violates the Confrontation Clause to admit into

evidence a co-conspirator's prior written or recorded statements," Defendant's Brief at 2, given that Justice Scalia specifically noted in Crawford that statements made in furtherance of a conspiracy are not testimonial, and thus do not implicate the Confrontation Clause.  See Crawford, 541 U.S. at 56 ("Most of the hearsay exceptions covered statements that by their nature were not testimonial – for example, business records or statements in furtherance of a conspiracy.").  The Second Circuit has explicitly stated the same.  See e.g. United States v. Logan, 419 F.3d 172, 178 (2d Cir. 2005) ("In general, statements of co-conspirators in furtherance of a conspiracy are non-testimonial.") (citing Crawford, 541 U.S. at 56).

This Court admitted the recorded statements of co-conspirator Goins under the Federal Rules of Evidence as statements made during the course and in furtherance of the drug conspiracy.  See FED. R. EVID. 801(d)(2)(E).[2]  In order to admit a statement as nonhearsay under Rule 801(d)(2)(E), "there must be a preponderance of evidence independent of the proffered statements demonstrating [1] that there was a conspiracy, [2] that the declarant and the person against whom the statement is offered belonged to the conspiracy,

---

[2] "Statements which are not hearsay.  A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. . . . The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered. . . ."  FED. R. EVID. 801(d)(2)(E).

and [3] that the statements were made during the course of and in furtherance of the conspiracy." United States v. Stewart, 433 F.3d 273, 291 (2d Cir. 2006) (citation omitted).  A statement made in furtherance of a conspiracy "must be more than a 'mere[] narrative' description by one co-conspirator of the acts of another.  Rather, the statements must be such as to prompt the listener – who need not be a co-conspirator – to respond in a way that promotes or facilitates the carrying out of a criminal activity."  United States v. Maldonado-Rivera, 922 F.2d 934, 958 (2d Cir. 1990) (alteration in original) (citations omitted).

In United States v. Stewart, the co-conspirator statements at issue were made during interviews with the government.  433 F.3d at 291.  As the Second Circuit noted, although the statements may have had an "aura of testimony" under Crawford's "core class of 'testimonial' statements",[3] the statements were properly admitted under Rule 801(d)(2)(E) because they were made in the course of and in furtherance of the Defendants' conspiracy to mislead government investigators.  Id.

The co-conspirator statements introduced by the Government here were only part of the overall record at trial which

---

[3] "Various formulations of [the] core class of 'testimonial' statements exist: *ex parte* in-court testimony or its functional equivalent – that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; [and] extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions. . . ." Crawford, 541 U.S. at 51-52 (quotations marks and citations omitted).

demonstrated that a conspiracy existed between Goins and Steele. Furthermore, Goins's tape-recorded statements regarding his supplier relationship with Steele and his agreement to compensate the cooperating witness for a three gram shortfall in the quantity of cocaine base supplied by Steele to the cooperating witness lacked any "aura of testimony" and demonstrated that 1) the statements were made during the course of the conspiracy and 2) the statements were made in furtherance of the conspiracy in that Goins reassured Cole that their business relationship would continue and Goins's statements prompted Cole "to respond in a way that promotes or facilitates the carrying out of a criminal activity." Maldonado-Rivera, 922 F.2d at 958.  Thus, the statements were properly admitted as nonhearsay under Rule 801(d)(2)(E).[4]

Defendant also argues that the "Bruton rule" prohibits the introduction of untested co-conspirator testimony, as allowing such testimony "infring[es] the nonconfessor's right of confrontation." Defendant's Brief at 3 (quoting Bruton, 391 U.S. at 133-34.) However, the co-conspirator statements introduced in Bruton were made as part of a *confession* to a postal inspector during an interrogation that inculpated the defendant. 391 U.S. at 124.  The

---

[4]As the Government's brief notes, although Goins was not called by the Government in its case-in-chief, Goins was made available to be called by the Defense for examination or for impeachment under FED. R. EVID. 806.  "When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D) or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposed if declarant had testified as a witness."  FED. R. EVID. 806.

Supreme Court found that "[n]ot only are the incriminations devastating to the defendant but their credibility is inevitably suspect" and the "unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination." 391 U.S. at 136. The co-conspirator statements introduced here are not confessions, but rather, as noted above, are statements made during the course and in furtherance of a conspiracy. Thus, the Bruton rule cannot apply. Furthermore, Crawford notes explicitly that confessions are among the "core class" of testimonial statements; statements made in furtherance of a conspiracy are not. See Crawford, 541 U.S. at 51-52. See also United States v. DeVillio, 983 F.2d 1185, 1193-94 (2d Cir. 1993) (holding that co-conspirator statements admitted under Rule 801(d)(2)(E) do not violate Bruton).

Defendant further argues that "[the Richardson] line of cases stands for the proposition that a co-conspirator's statements are inadmissible as against other co-conspirators unless those statements are redacted to remove identifying information." These cases do not support Defendant's position because the co-conspirator statement at issue in each case Defendant cites, as in Bruton, is a non-testifying co-defendant's confession. In Richardson v. Marsh, the co-conspirator's confession was not facially incriminating as to the co-defendant and thus the Court found that the "admission of a nontestifying codefendant's

9

confession with a proper limiting instruction" was appropriate where the confession is redacted to eliminate any reference to the defendant's existence.  481 U.S. 200, 211 (1987).  In <u>United States v. Tutino</u>, the Second Circuit allowed the admission of the redacted confession of a co-conspirator only where the statement contained neutral pronouns in place of the names of the co-defendants.  883 F.2d 1125, 1134-35 (2d Cir. 1989).  These cases are inapposite to the issues before the Court.

Conclusion

    Because the recorded statements of co-conspirator Goins were properly admitted under Fed. R. Evid. 801(d)(2)(E) as statements made during the course and in furtherance of a conspiracy, Defendants rights were not infringed under the Sixth Amendment or under <u>Bruton v. United States</u>, 391 U.S. 123 (1968).  Defendant has not shown a "manifest injustice" and thus Defendant's Motion for New Trial [Doc. No. 123] is DENIED.  Defendant's oral motion for mistrial [Doc. No. 113], which advanced these same arguments, is also DENIED.

                                          SO ORDERED.

                                          _____
                                          ELLEN BREE BURNS, SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT

    Dated at New Haven, CT, this ____ day of February, 2007.