UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

          v.                      :          Docket No. 3:05CR292(EBB)

TERRENCE STEELE                   :

RULING ON MOTION FOR RECONSIDERATION

Pending before the Court is the motion of the defendant, Terrence Steele ("Steele"), for reconsideration of the Court's ruling on his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 750 to the Sentencing Guidelines which, pursuant to the Fair Sentencing Act of 2010, retroactively reduced the base offense levels for crack-cocaine offenses. Although Steele appealed the Court's ruling before he filed this motion for reconsideration,[1] the Court of Appeals has issued a limited remand pursuant to Fed. R. App. P. 12.1 to permit the Court to rule on Steele's motion for reconsideration.

For the following reasons, the Court grants Steele's motion for reconsideration [doc. # 196]. Upon reconsideration, the Court concludes that it correctly determined that Steele was entitled only to a reduced sentence of 140 months.

**_Background_**

On July 31, 2009, following remand from the Second Circuit pursuant to United States v.

---

[1]Although the instant motion is untimely in that it was not filed within fourteen days of the Court's January 19, 2012 order granting Steele's motion for a reduced sentence, the Court notes that, by letter brief dated January 17, 2012, Steel raised the same argument he raises in the instant motion for reconsideration. His letter brief was not received by the court until January 24, 2012 and thus, in ruling on his sentence reduction, the Court did not address the claim that his sentence reduction should be based on his reduced criminal history category V rather than criminal history category VI, the criminal history category calculated under the sentencing guidelines.

Regalado, 518 F.3d 143 (2d Cir. 2008), the Court sentenced Steele to 150-months imprisonment. At sentencing, the Court adopted the findings and conclusions of Steele's presentence report ("PSR): specifically that, based on the amount of crack cocaine involved in the offense of his conviction, his total offense level was 30 and, based on his twenty criminal history points, his criminal history category ("CHC") was VI. This resulted in an applicable guideline sentencing range of 168 to 210 months' imprisonment. The Court, however, granted Steele a one-level criminal history departure from CHC VI to CHC V pursuant to U.S.S.G. § 4A1.3. As a result, Steele's departure sentencing range was 151 to 188 months and the Court imposed a 150 month sentence, significantly outside the applicable range calculated under the sentencing guidelines.[2]

After Steele was sentenced, Congress enacted the Fair Sentencing Act of 2010 and the Sentencing Commission promulgated Amendment 750 to the sentencing guidelines, which retroactively reduced the drug quantity tables of the crack cocaine guidelines. On December 20, 2011, Steel filed a motion under 18 U.S.C. § 3582(c) seeking a sentence reduction pursuant to Amendment 750. On January 19, 2012, the Court granted his motion and reduced his prior 150-month sentence to 140 months. The Court concluded that under the amended crack-cocaine guidelines, Steele's total offense level of 30 was reduced to 28. And, based on his pre-departure criminal history category VI, which was not affected by Amendment 750, his amended guideline range was 140 to 175 months. Accordingly, the Court reduced his sentence to 140 months, noting that the reduced sentence was within the amended guideline range and that, pursuant to U.S.S.G. § 1B1.10(b)(2)(A) and § 3582(c)(2), the Court could not reduce his sentence to a term

---

[2]The Court notes that the Amended Statement of Reasons incorrectly states that Steele's advisory guideline range before any departure was based on a criminal history category V.

that was less than the minimum of that amended guideline range.

### ***Discussion***

Steele now argues that the Court's order reducing his sentence was incorrectly based on a CHC VI, his criminal history category as determined pursuant to U.S.S.G. § 1B1.1 (instructing judges to determine a defendant's CHC by counting his criminal history points pursuant to U.S.S.G. § 4A1.1).  According to Steele, his sentence reduction should have been based on a CHC V, the criminal history category to which the Court departed under § 4A1.3(b)(1) when it imposed his sentence.  Thus, Steele asserts that, with his reduced offense level 28 and a CHC V, his revised guideline range is 130 to 162 months and his sentence should be reduced to 130 months.  The Court disagrees.

A district court's jurisdiction to modify a defendant's otherwise final sentence is limited to the specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b).  One of those enumerated circumstances permits a court to reduce a sentence where the guideline range applicable to a defendant is lowered as a result of a retroactive amendment to the sentencing guidelines.  U.S.S.G. § 1B1.10(a)(1); Dillon v. United States, 130 S. Ct. 2683, 2690 (2010).  But this statute authorizes a limited adjustment to an otherwise final sentence only if it would be consistent with the Sentencing Commission's applicable policy statements.  The statute provides for the modification of a term of imprisonment.  It does not allow a plenary resentencing.  Dillon, 130 S. Ct. at 2691  As the Supreme Court noted, this statute "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines."  Id. at 2692.

When determining a defendant's eligibility for a sentence reduction under § 3582(c)(2)

and the extent of a reduction authorized by the guidelines, a district court is directed by the applicable guideline policy statement to first determine the amended guideline range that would have applied to the defendant if the amended guideline provision had been in effect at the time of his original sentence.  U.S.S.G. § 1B1.10(b)(1); <u>Dillon</u>, 130 S. Ct. at 2688.  In making such determination, the court may only substitute the retroactive amendment for the corresponding guideline provision that was applied in determining the defendant's original sentence and must leave all other original guideline determinations in place.  <u>Dillon</u>, 130 S. Ct. at 2694; U.S.S.G. § 1B1.10(b)(1).[3]  As the commentary to § 1B1.10 now makes clear, the only applicable guideline range that matters in determining a sentence reduction is the one determined before consideration of any guideline departure provision.  U.S.S.G. § 1B1.10, app. note 1(A) (defining applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category . . . determined before consideration of any departure provision in the Guidelines Manual . . . .).  In other words, the guideline range to which a court departed at the time of sentencing is not relevant in determining the extent of a sentence reduction under § 3582(c)(2).

Amendment 750 affected only one of the two components used in calculating a defendant's applicable guideline range – the base offense level for the quantity of crack cocaine involved in the offense of conviction.  The Amendment had no effect on the other component of the applicable guideline range – the defendant's criminal history category.  Thus, although Steele is eligible for a reduced sentence under Amendment 750 because it reduced the base offense level for the quantity of crack cocaine attributed to him, he is not entitled to the reduction he

---

[3]Guideline provision 1B1.10(b)(2)(A) also restricts the extent of any reduction to a term that is not less than the minimum of the amended guideline range produced by the substitution.   .

claims because the applicable guideline range for purposes of § 3582(c)(2) is the pre-departure guideline range based on his CHC VI, not the guideline range to which the Court departed in sentencing him, which was based on a one-level departure in his criminal history category.

According to the guidelines in effect at the time of Steele's sentencing, his base offense level was 30.  His criminal history category, based on his criminal history points, was VI.  With a base offense level 30 and a CHC VI, his applicable guideline range was 168 to 210 months. Under the guidelines revised by Amendment 750, Steele's base offense level is reduced to 28. But, because Amendment 750 does not affect the CHC component of the calculation, his CHC remains the same as it was originally – at level VI.  With a base offense level 28 and a CHC VI, Steele's amended guideline range is 140 to 175 months.

In modifying Steele's sentence under Amendment 750, the Court has no authority to reduce the CHC component of his sentence to take into account the one-level departure in his CHC that was used to calculate his departure sentencing range.  Accordingly, the Court did not err in its calculation of Steele's sentence modification and correctly reduced his sentence to 140 months.  Indeed, the Court has no authority to sentence Steele to a term less than the 140 month minimum of the amended guideline range produced by the revised drug quantity level.  U.S.S.G. § 1B1.10, app. Note 3 (noting that this limitation applies even if "the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing[.]").

### _Conclusion_

For the foregoing reasons, Steele's motion for reconsideration [doc. # 196] is GRANTED. Upon reconsideration, the Court concludes there was no error in reducing Steele's sentence to

5

140 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 of the sentencing

guidelines.

The Clerk is directed to notify the Circuit Clerk for the Second Circuit Court of Appeals

that the district court has decided the motion on remand.  See Fed. R. App. P. 12.1(b).

SO ORDERED.

/s/_____
                ELLEN BREE BURNS
                SENIOR UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2012 at New Haven, Connecticut